Martin, J.
delivered the opinion of the court. This action is brought on a notarial act duly executed by the defendant's testator. It is resisted on the plea that more than one year elapsed between the death of the testator of the plaintiff and the inception of the suit—on the general issue and a plea of payment.
To support the first plea, the defendants shew, from the record, that the plaintiff made a demand, on the 6th of May 1814, in his capacity of executor and that the suit originated on the 20th of June 1815: so that thirteen months and one half elapsed between this demand and the suit. How long the testator of the plaintiff was dead, before the executor made the demand, does not appear. However the year granted to the executor for the discharge of his trust, clearly elapsed between the demand and the inception of the suit.
The plaintiff shews that on the 16th of December 1814, viz. about seven months after the demand, which is the earliest period shewn after the death of his testator, according to the record, *610 the legislature of this state passed a law for the suspension of all civil suits, and prohibiting the commencement of any, for one hundred and twenty days—that from the expiration of these one hundred and twenty days, until the 20th of June 1815, when the present suit was brought, about two months elapsed; so that these two months, added to the seven, which had elapsed, when the occlusion of the courts took place, make but nine months, since the earliest day shewn after the death of the testator until the inception of the suit, during which the testator might have acted on this part of his trust.
The other pleas being unsupported, the district court gave judgment for the plaintiff and the defendants appealed.
We are of opinion that the district court did not err. The plea of the general issue and payment are not supported by any evidence, and the debt appears from the notarial act—neither is the fin de non recevoir alleged: for the occlusion of the courts one hundred and twenty days, during the late invasion, deprived the plaintiff of the only mode which he had to compel the defendants to pay the debt, which they had refused to discharge, on the plaintiff’s friendly *611 application. These one hundred and twenty days ought not to be reckoned as part of the time allowed to the executor: they would suspend the prescription, contra non valentem agere non currit prescriptio.
Seghers for the plaintiff, Livingston for the defendants.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.